UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BEAUMONT HEALTH,

        Plaintiff,

v.

UNITED HEALTHCARE SERVICES,
INC./UMR, INC. and NATIONWIDE
INSURANCE COMPANY,

        Defendants.

_____/

Case No. 2:23-cv-10982

HONORABLE STEPHEN J. MURPHY, III

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT [17]

A woman named Regina Lewis was involved in a motor vehicle accident in May 2020. ECF 1-3, PgID 18. Plaintiff Beaumont Health (Beaumont) provided accident-related healthcare services to Lewis worth $208,045.39 after the motor vehicle accident. ECF 1-3, PgID 18. Plaintiff provided those treatments from October 20–28, 2020 and again on November 11, 2020. *Id.*

Defendant United Healthcare Services' (United) provided health insurance to Lewis through Lewis's employer's health insurance plan. *Id.* at 19. Under that plan, Lewis was eligible for health insurance coverage through Defendant United from February 1, 2020 until October 31, 2020. ECF 17, PgID 113, 121, 148.

Plaintiff and Defendant United signed a facility participation agreement. ECF 17-9. The agreement provided that Defendant United is responsible for the "payment of claims" filed by covered individuals. *Id.* At 358 (alterations omitted). The agreement also states, however, that "[a]ll information necessary to process a claim

1

must be received by [Defendant] United no more than 180 days from the date of discharge or 180 days from the date all outpatient Covered Services are rendered." *Id.* At 359.

Plaintiff sued Defendants United and Nationwide Insurance Company in State court and requested that the Court issue a judgment against Defendant United for $208,037.39 because Defendant United had "not paid for the services provided to Lewis[]." ECF 1-3, PgID 19. In the alternative, Plaintiff requested that the Court issue the judgment against Defendant Nationwide if Defendant United could not pay. *Id.* At 20. Plaintiff previously sued Defendant Nationwide in State court, but Plaintiff voluntarily dismissed that case shortly before filing the present case. *See* ECF 17-6; ECF 17-7.

Defendant United removed the case to federal court because Plaintiff's claims were preempted by the federal Employment Retirement Income Security Act (ERISA). ECF 1, PgID 4. Defendant United then moved for summary judgment as to Plaintiff's claims against Defendant United. ECF 17. Plaintiff did not respond to the motion. Defendant argued that "Plaintiff's claims [we]re barred because Plaintiff never made a claim to [Defendant] United for the payment of services related to" Lewis. ECF 2, PgID 33–34. Plaintiff explained that it "did not file an application for benefits with Defendant United as it was unknown to Plaintiff did not know until uncovered by Defendant Nationwide in the course of previous litigation on or about December of 2021." ECF 17-3, PgID 132.

## LEGAL STANDARD

The Court must grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A moving party must point to specific portions of the record that "it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party may not simply rest on the pleadings but must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis omitted) (quoting Fed. R. Civ. P. 56(e)).

A fact is material if proof of that fact would establish or refute an essential element of the cause of action or defense. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over material facts is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When it considers a motion for summary judgment, the Court must view the facts and draw all reasonable inferences "in the light most favorable to the non-moving party." *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987) (citations omitted).

## DISCUSSION

The Court will grant the motion for summary judgment because Plaintiff never made a claim with Defendant United for the healthcare services Plaintiff provided to Lewis. The facility participation agreement between Plaintiff and Defendant United

3

provides that Defendant United is only responsible for the "payment of claims" for benefits filed by covered individuals. ECF 17-9, PgID 358–59 (alterations omitted). Yet Plaintiff admitted that it "did not file an application for benefits with [Defendant] United" because Plaintiff did not know about the claim "until [it was] uncovered by [Defendant] Nationwide in the course of previous litigation on or about December 2021." ECF 17-3, PgID 132. And no evidence suggests that Plaintiff filed a claim after December 2021. *See* ECF 17, PgID 114 (Defendant United's Senior Legal Services Specialist Jane Stalinski stating that she was "unable to find any evidence" that Plaintiff ever submitted a claim). No issue of material fact exists concerning whether Plaintiff submitted a claim to Defendant United for the healthcare services provided to Lewis. And without a claim, Defendant United cannot be liable to Plaintiff to provide coverage for those services. *See Kmatz v. Metro. Life Ins. Co.,* 232 F. App'x 451, 456 (6th Cir. 2007) (denying recovery because the plaintiff "never submitted a claim under the plan"). Defendant United is entitled to summary judgment. *See id.*

Next, Defendant Nationwide explained in its answer to the complaint that it was incorrectly named in the complaint and that its correct name is Titan Insurance Company. ECF 9, PgID 47; *see also* ECF 12, PgID 68. The Court will therefore order the Clerk of Court to amend the case caption.

**WHEREFORE**, it is hereby **ORDERED** that the motion for summary judgment [17] is **GRANTED**. Defendant United is **DISMISSED** from the case.

**IT IS FURTHER ORDERED** that the Clerk of the Court must **AMEND** the case caption and rename Defendant Nationwide Insurance Company as **Titan Insurance Company**.

This is not a final order and does not close the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: March 26, 2024